# EXHIBIT A

| CIVIL ACTION COVER SHEET | 09 01398 | Superior Court Department County: |
|---|---|---|

PLAINTIFF(S) Marco & Magna Ferreira

DEFENDANT(S) Mortgage Electronic Registration Systems, Inc. & Saxon Mortgage Services, Inc.

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Olivier Kozlowski Law Offices of Bruce Bierhans, 868 Washington Street Easton MA 02375 (508) 238-0003
Board of Bar Overseers number: 632226

ATTORNEY (if known)

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. D99    TYPE OF ACTION (specify) 93A, Declaratory relief    TRACK ( F )    IS THIS A JURY CASE? (X) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . $
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . $
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . $
   Subtotal $ . . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . $
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . $
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . $
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

   $
   TOTAL $ . . . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

This is an action to enforce rescission of Plaintiffs' mortgage based on lender's failure to give non-borrowing spouse on title a notice of right to cancel; violations of MGL 140D, 93A, & for declaratory relief & to quiet title

TOTAL $. 423,000 . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 8-12-09

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

CIVIL ACTION COVER SHEET
INSTRUCTIONS

## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | REAL PROPERTY | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | E08 | Appointment of Receiver | (X) |
| | | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| B03 | Motor Vehicle negligence- | | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| | personal injury/property damage | (F) | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| B04 | Other negligence-personal | | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| | injury/property damage | (F) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B05 | Products Liability | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B06 | Malpractice-medical | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B07 | Malpractice-other(Specify) | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B15 | Defamation (Libel-Slander) | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B19 | Asbestos | (A) | | | | E99 | Other (Specify) | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | | | |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

## TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes  [ ] No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT,  BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss                                    SUPERIOR COURT DEPARTMENT
                                               CIVIL ACTION NO.

_____
                                          )
MARCO FERREIRA & MAGNA FERREIRA,          )
      Plaintiffs                          )
                                          )
v.                                        )
                                          )
MORTGAGE ELECTRONIC REGISTRATION          )
SYSTEMS, INC. and SAXON MORTGAGE          )
SERVICES, INC.                            )
_____            )


## COMPLAINT

This is an action for declaratory judgment, M.G.L. c. 93A and to quiet title based on a mortgage lender's violation of the Massachusetts Consumer Credit Cost Disclosure Act in the context of a refinance of a primary residence.

### PARTIES

1. Plaintiff Magna Ferreira is a natural person residing at 36 West Street, Stoughton, MA.

2. Plaintiff Marco Ferreira is a natural person residing at 36 West Street, Stoughton, MA. Marco Ferreira is Magna Ferreira's husband.

3. Upon information and belief, Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with a principal place of business of 1818 Library Street, Suite 300, Reston, VA 20190 and registered Massachusetts agent of C T Corporation Systems, 155 Federal Street, Suite 700, Boston, MA 02110.

4. Upon information and belief, Defendant Saxon Mortgage Services, Inc. is a Texas corporation with a principal place of business of 4708 Mercantile Drive North, Ft. Worth, TX 76137 and a registered Massachusetts agent of Corporation Service Company, 84 State Street, Boston, MA 02109.

FACTS AND TRAVEL

5. On or about May 18, 2004, Plaintiffs Magna & Marco Ferreira purchased their home at 36 West Street, Stoughton, MA, as evidenced by a deed recorded with the Norfolk County Registry of Deeds on May 20, 2004 in Book 20142, Page 517. They have lawfully occupied this property as their primary residence ever since.

6. In early 2007, Magna Ferreira desired to refinance the existing mortgage loans on the family home and applied for financing through a mortgage broker. Magna Ferreira was approved for financing from New Century Mortgage Corporation ("New Century").

7. Though both Magna and Marco Ferreira speak English, it is not their primary language, and they sometimes have difficulty with the English language.

8. Magna Ferreira was told that she was getting a fixed-rate mortgage. However, the mortgage loan she actually received was an adjustable rate mortgage that was fixed for the first three years at 9.15%, adjustable every six months thereafter, and with a balloon feature that would leave her with an outstanding balance of over $389,000 after making payments for 29 years, 11 months. A copy of her note is attached hereto as Exhibit A.

9. The closing occurred on or about February 28, 2007. Both Magna and Marco Ferreira were present, and they expressed concerns about the 9.15% interest rate. After being assured that she could refinance in a year, Magna Ferreira proceeded with the closing, still believing she was obtaining a fixed-rate mortgage.

10. Marco Ferreira never received a copy of the notice of right to cancel, in violation of the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), M.G.L. c. 140D § 10, 209 CMR 32.23. As a non-borrower with an interest in title, he was required to receive two copies of a notice of right to cancel. Id.

11. Magna Ferreira received but a single copy of the notice of right to cancel, also in violation of the Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. c. 140D § 10, 209 CMR 32.23.

12. Upon information and belief, shortly after the closing, on or about April 2, 2007, New Century Mortgage Corporation filed for bankruptcy protection.

13. Magna Ferreira began to receive monthly statements and other communications from Defendant Saxon Mortgage Services, Inc.

14. In mid-2008, Magna Ferreira began to inquire about refinancing out of the 9.15% interest rate loan she had obtained, recalling the promises that she could refinance after one year. These efforts proved unsuccessful, and she fell behind on her payments.

15. On or about May 5, 2009, Defendant MERS caused a notice to Plaintiffs pursuant to the Servicemembers Civil Relief Act to be recorded with the Norfolk County Registry of Deeds in Book 26619, Page 430. A copy of this notice, as delivered to the Plaintiffs, is attached hereto as Exhibit B.

16. In its notice described in the previous paragraph, Defendant MERS claimed to be the "holder" of a mortgage given by the Plaintiffs and recorded with the Norfolk County Registry of Deeds in Book 24607, Page 526 and that Plaintiffs' mortgage was "given…to Mortgage Electronic Registration Systems, Inc…."

17. The mortgage in question identifies Defendant MERS as "nominee" for New Century Mortgage. A copy of the first two pages of said mortgage is attached hereto as Exhibit C.

18. On June 1, 2009, the Plaintiffs, through counsel, exercised their extended right to cancel under the MCCCDA, serving a demand pursuant to M.G.L. ch. 93A. A redacted copy of this notice is attached hereto as Exhibit D.

19. In a letter dated June 17, 2009, Defendant Saxon acknowledged itself to be the servicer of Magna Ferreira's loan, but refused to communicate with Plaintiffs' counsel without an authorization from Magna Ferreira. A copy of this letter is attached hereto as Exhibit E.

20. On June 22, 2009, undersigned counsel provided Defendant Saxon with an authorization, a redacted copy of which is attached hereto as Exhibit F.

21. In a letter dated July 2, 2009, Defendant Saxon again acknowledged its role in servicing Magna Ferreira's account, as

well as receipt of the authorization to speak with counsel. A copy of this letter is attached hereto as Exhibit G.

22. In a letter dated July 2, 2009, Defendant, by and through counsel, responded to Plaintiffs' demand and rescission. A copy of this response is attached hereto as Exhibit H.

23. Despite denying Plaintiffs' claims, Attorney Precobb of Orlans Moran indicated a willingness to work out a resolution to the matter in telephone conversations with counsel for the Plaintiffs. Nonetheless, Attorney Martin of Orlans Moran continues to proceed with efforts to foreclose upon Plaintiffs' home, necessitating the filing of suit in this matter. See most recent notices from Attorney Martin, also of Orlans Moran, attached hereto as Exhibit I.

## COUNT I: DECLARATORY RELIEF

24. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 23 as if fully set forth herein.

25. Plaintiffs were not given the statutorily-required notices of right to cancel under the MCCCDA, triggering their extended right to cancel.

26. Plaintiffs, through counsel, validly exercised their extended right to counsel by letter sent on June 1 and again by virtue of filing this lawsuit.

WHEREFORE, Plaintiffs request declaratory judgment reflecting their valid exercise of their extended right to cancel.

## COUNT II: VIOLATION OF MASSACHUSETTS CONSUMER CREDIT COST DISCLOSURE ACT (ALL DEFENDANTS)

27. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 26 as if fully set forth herein.

28. New Century violated the Massachusetts Consumer Credit Cost Disclosure Act, M.G.L. c. 140D and the regulations thereunder, 209 CMR 32.00 by, inter alia:

a) Not providing Marco Ferreira with a copy of the Notice of Right to cancel form, where they were required to

provide him with two copies (M.G.L. c. 140D § 10, 209 CMR 32.23);

b) Providing Magna Ferreira with a single copy of the Notice of Right to cancel form, where they were required to provide her with two copies (M.G.L. c. 140D § 10, 209 CMR 32.23);

29. Successors in interest to a lender are equally liable under the Massachusetts Consumer Credit Cost Disclosure Act. M.G.L. c. 140D §§ 32, 33. To the extent they are successors in interest to New Century, Defendants are liable to the Plaintiff.

30. The Plaintiffs have suffered damages as a result of New Century's actions and those of its successors, assigns and agents.

WHEREFORE, the Plaintiffs seek actual and statutory damages against all Defendants, rescission of the mortgage, costs and attorneys' fees.

## COUNT III: M.G.L. c. 93A (ALL DEFENDANTS)

31. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 - 30 as if fully set forth herein.

32. At all times relevant hereto, the Defendants were enganged in trade and commerce within the Commonwealth of Massachusetts.

33. Defendants have willfully committed, or are liable for, violations of the Massachusetts Consumer Credit Cost Disclosure Act, as more fully described in Count II.

34. Violations of the Massachusetts Consumer Credit Cost Disclosure Act are per se violations of the Massachusetts Consumer Protection Statute (Chapter 93A). M.G.L. c. 140D § 34.

35. The Plaintiffs have suffered damages as a result of New Century's actions and those of its successors, assigns and agents.

WHEREFORE, the Plaintiffs seek actual and statutory damages against all Defendants, rescission of the mortgage, costs and attorneys' fees.

<u>COUNT IV: M.G.L. c. 93A (ALL DEFENDANTS)</u>

36. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 – 35 as if fully set forth herein.

37. At all times relevant hereto, Defendants were engaged in trade and commerce within the Commonwealth of Massachusetts.

38. Through counsel, the Plaintiffs asserted their right to rescind the mortgage.

39. Undersigned counsel sent a notice of rescission and demand letter pursuant to M.G.L. c. 93A to Defendant Saxon, servicing agent for the holder of the mortgage, on June 1, 2009. A redacted copy of this letter is attached hereto as Exhibit D.

40. Neither Defendants honored the Plaintiffs' valid rescission and failed to make a timely and reasonable offer of settlement. Defendants' response is attached hereto as Exhibit H.

41. Defendants' willful failure to honor Plaintiffs' valid rescission was done in bad faith, with knowledge or reason to know that their conduct violated M.G.L. c. 93A §§ 2, 9.

42. The Plaintiffs have suffered damages as a result of Defendants' actions.

WHEREFORE, the Plaintiffs seek actual and statutory damages against all Defendants, rescission of the mortgage, costs and attorneys' fees.

<u>COUNT V: ACTION TO QUIET TITLE</u>

43. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 – 42 as if fully set forth herein.

44. Plaintiffs are the grantees of the property located at 36 West Street, Stoughton, MA ("the Premises") by virtue of a deed recorded with the Norfolk County Registry of Deeds on May 20, 2004 in Book 20142, Page 517.

45. Plaintiffs have validly exercised their right to rescind the mortgage recorded with the Norfolk County Registry of Deeds in Book 24607, Page 526 ("Mortgage").

WHEREFORE, Plaintiffs seek that it be adjudged that they are seized in fee simple as tenants by the entirety of the Premises and hold their title free from any rights therein in favor of anyone claiming by or through said Mortgage.

## JURY DEMAND

Plaintiffs demand trial by jury on all matters so triable.


Respectfully submitted,
Magna & Marco Ferreira, Plaintiffs
By their attorneys,


Bruce A. Bierhans, BBO # 024630
Olivier Kozlowski, BBO # 632226
Law Offices of Bruce A. Bierhans, LLC
868 Washington Street
Easton, MA 02375
T: (508) 238-000
F: (508) 238-7212
E: olivier@bierlaw.com


Dated: August 11, 2009


NOTE

# ADJUSTABLE RATE BALLOON NOTE
### 3 Year Rate Lock
**(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)**

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.

THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

| February 28, 2007 | Stoughton | Massachusetts |
|---|---|---|
| [Date] | [City] | [State] |

36 WEST STREET, Stoughton, MA  02072
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 423,000.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is **New Century Mortgage Corporation**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 9.150 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

### (A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payments on the first day of each month beginning on April 1, 2007

My monthly payments will be based on an assumed 50-year amortization period (the "Amortization Period").

I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on 03/01/2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 18400 Von Karman, Suite 1000, Irvine, CA 92612

or at a different place if required by Note Holder.

### (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $ 3,259.56 . This amount may change.

### (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

1012365843



## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

### (A) Change Dates

The interest rate I will pay may change on the first day of March, 2010, and on that day every 6th month thereafter. Each date on which my interest rate could change is called a "Change Date."

### (B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

### (C) Calculation of Charges

Before each Change Date, the Note Holder will calculate my new interest rate by adding Six And Three-quarters percentage points (6.750%) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0. 125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe on the Change Date in full over the remaining Amortization Period at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment. Notwithstanding the Amortization Period applicable to this Note, the entire unpaid principal amount will be fully due and payable on the Maturity Date.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 10.650% or less than 9.150%. Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One And One-half percentage point(s) (1.500%) from the rate of interest I have been paying for the preceding 6 months. My interest rate will never be greater than 16.150%.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

1012365843

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charges for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 3.000 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

1012365843

NCMC
Adjustable Rate Balloon Note (Multi)
RE-527 (011806)

*Page 3 of 4*

Initials: _MP_

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)      _____ (Seal)
MAGNA FERREIRA                    -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                                  -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                                  -Borrower                                     -Borrower

_____ (Seal)      _____ (Seal)
                                  -Borrower                                     -Borrower

*[Sign Original Only]*

MP

1012365843

NCMC  838N
Adjustable Rate Balloon Note (Multi)          Page 4 of 4
RE-527 (011806)

**COMMONWEALTH OF MASSACHUSETTS**
**LAND COURT**
**DEPARTMENT OF THE TRIAL COURT**

(SEAL)



To:                                    Case No.                    08 MISC 389914

Marco Ferreira
Magna Ferreira

and to all persons entitled to the benefit of the Servicemembers Civil Relief Act:

Mortgage Electronic Registration Systems, Inc.

claiming to be the holder of                     mortgage
covering real                                    property in Stoughton, numbered 36 West Street

given by Magna Ferreira and Marco Ferreira w/s/a M. Ferreira to Mortgage Electronic Registration
Systems, Inc., dated February 28, 2007, Recorded with the Norfolk County Registry of Deeds at Book
24607, Page 526

has filed with said court a complaint for authority to foreclose said mortgage

in the manner following: by entry and possession and exercise of power of sale.

If you are entitled to the benefits of the Servicemembers Civil Relief Act and you object to such
foreclosure you or your attorney should file a written appearance and answer in said court at Boston on or
before
      JUN 0 1 2009

or you may be forever barred from claiming that such foreclosure is invalid under said act.

Witness, KARYN F. SCHEIER Chief Justice of said Court on      APR 1 6 2009

Attest:

                                   Deborah J. Patterson
                                   *Recorder*

A TRUE COPY
ATTEST:

*Deborah J. Patterson*
RECORDER

A TRUE COPY, ATTEST:

DEPUTY SHERIFF
DATE 05/0/09

Return To:

New Century Mortgage Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

Prepared By:

New Century Mortgage Corporation
18400 Von Karman, Ste 1000
Irvine, CA 92612

Bk 24607 Pg526   #25422
03-12-2007 @ 09:58a

RECEIVED AND RECORDED
NORFOLK COUNTY
REGISTRY OF DEEDS
DEDHAM, MA
CERTIFY

*William P. O'Donnell*

WILLIAM P. O'DONNELL, REGISTER

---

[Space Above This Line For Recording Data]

# MORTGAGE

MIN 100488910123658436

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated  February 28, 2007
together with all Riders to this document.

(B) "Borrower" is MAGNA FERREIRA and MARCO FERREIRA

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

1012365843

MASSACHUSETTS-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS     Form 3022  1/ 01

VMP®-6A(MA) (0401).02

Page 1 of 15                                    Initials: _MF_

VMP Mortgage Solutions, Inc.

20

(D) "Lender" is New Century Mortgage Corporation

Lender is a Corporation
organized and existing under the laws of California
Lender's address is 18400 Von Karman, Suite 1000, Irvine, CA 92612

(E) "Note" means the promissory note signed by Borrower and dated February 28, 2007
The Note states that Borrower owes Lender FOUR HUNDRED TWENTY-THREE THOUSAND AND 00/100                                                                                            Dollars
(U.S. $423,000.00         ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than 03/01/2037
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [x] Other(s) [specify] |
| | | Arm Rider Addendum |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used

Initials: ___

1012365843

Law Offices of Bruce A. Bierhans, LLC.
Attorneys at Law

294 PLEASANT STREET, SUITE 204
STOUGHTON, MASSACHUSETTS 02072

TELEPHONE: (781) 297-0005
FACSIMILE: (781) 297-7427

E-MAIL: olivier@bierlaw.com
WEBSITE: www.bierlaw.com

## FACSIMILE COVER SHEET

### Page 1 of 14

TO:      Sandra D. Martin, Esq.
         Orlans Moran - foreclosure department

PHONE:   (617) 502-4100
FAX:     (617) 502-4101

RE:      Magna Ferreira; Case No. 389914; File No. 244.6031

Date     June 1, 2009
Time:    7:32 PM

FROM:    Olivier Kozlowski, Esq.

PHONE:   (781) 297-0005
FAX:     (781) 297-7427

*Please phone 781-297-0005 if you do not receive all pages or if you receive any illegible facsimiles.*

Message:  Please forward to your foreclosure department
immediately. Sale scheduled for June 11, 2009.

*The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.*



Law Offices of Bruce A. Bierhans, LLC

Attorneys At Law

*Mailing Address:*
294 Pleasant Street
Suite 204
Stoughton
Massachusetts 02072

t. 781.297.0005
f. 781.297.7427
bruce@bierlaw.com
www.bierlaw.com



*Chatham Office • Kathleen E. Higgins • Of Counsel*

June 2, 2009

<u>THIS PROPERTY IS CURRENTLY SCHEDULED FOR FORECLOSURE ON JUNE 11, 2009. PLEASE BE ADVISED THAT THE LOAN IS BEING RESCINDED, AND THE FORECLOSURE DATE SHOULD BE POSTPONED.</u>

CERTIFIED MAIL, RETURN RECEIPT REQUESTED
VIA FACSIMILE to ORLANS MORAN at (617) 502-4101

Saxon Mortgage Services, Inc.
4708 Mercantile Dr. N
Ft. Worth, TX 76137

, Esq.
Law Office of ▓▓▓▓▓

RE:          <u>Exercise of Right of Rescission,</u>
             <u>Demand pursuant to M.G.L. c. 93A §9</u> and
             <u>Qualified Written Request</u>
Our clients:    Magna & Marco Ferreira
Property:       36 West Street, Stoughton, MA
Originating Lender: New Century Mortgage Corporation
Servicer:       Saxon Mortgage Services, Inc.
Servicer Loan No.: 1012365843
Borrower:       Magna Ferreira

Gentlemen:

     This office represents Magna and Marco Ferreira regarding a mortgage transaction on February 28, 2007, originated by New Century Mortgage Corporation ("New Century"), closed by ▓▓▓▓▓▓ ▓▓▓▓▓, Esq. and being serviced by Saxon Mortgage Services, Inc. (hereinafter "Saxon"). Upon information and belief, "Family Mortgage" was the originating mortgage broker. This letter formally places you on notice that your conduct is in violation of the Massachusetts Consumer Protection Act, G.L. Ch. 93A, § 9. Accordingly, this letter is a demand for relief and settlement of the Ferreiras' claims.

1580 Route 6 • Wellfleet, Massachusetts 02667 • t. 508.349.2200
Chatham Professional Building • 26 George Ryder Road South • West Chatham, Massachusetts 02669 • t. 508.945.1000

## Invitation to Settle

You are further notified that G.L. c. 93A, §9 provides for double or treble damages and an award of attorneys' fees to a prevailing party. This letter seeks to encourage settlement of this matter before we commence litigation. If a meaningful response is not tendered within thirty (30) days of receipt of this letter, suit shall be filed.

## Factual Background

Marco and Magna Ferreira purchased their home at 36 West Street in Stoughton, MA on May 20, 2004.

In 2007, faced with the upcoming wedding of their daughter and other financial needs, they sought to refinance. They also wished to pay off their existing 1st and 2nd mortgages into a single, 30-year fixed rate mortgage.

The Ferreiras utilized a contact Marco had been given at Family Mortgage. An application was processed with Magna Ferreira as the sole borrower. The Ferreiras received no documentation in advance of the closing, either from New Century or Family Mortgage.

The loan closing took place on February 28, 2007, at the office of Attorney ▒▒▒▒▒▒▒▒▒▒▒▒▒ and his name appears at the bottom of the HUD-1 settlement statement, a copy of which is attached hereto as Exhibit A. The closing documents reflect Magna Ferreira as the sole borrower.

Still believing that they were obtaining a fixed-rate mortgage, and operating with some difficulty with the English language, the Ferreiras discovered that their interest rate would be 9.150%. Disappointed with the high rate, they were reassured by both their representative from Family Mortgage and Attorney ▒▒▒▒▒▒▒▒ that they would be able to refinance after a year. With that, Magna Ferreira executed the closing documents.

None of the closing documents bore Marco Ferreira's name, though both Magna and Marco were, and still are, owners as tenants by the entirety.

After a year had passed, the Ferreiras inquired of about refinancing again to get reduce their interest rate. Their efforts were rebuffed, and they fell behind in their payments.

Upon consulting with counsel, the Ferreiras discovered the true nature of their loan: a 3/27 adjustable rate loan with a balloon feature, which would have them owing over $389,000 on their $423,000 loan after making payments for thirty years.

The Law

Massachusetts General Laws Chapter 93A protects against "unfair or deceptive practices in the conduct of any trade or commerce." Sweeney v. Resolution Trust Corp., 16 F.3d 1, 4 n.5 (1st Cir. 1994). Specifically, M.G.L. c. 93A, §2(a) provides unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful. See Tagliente v. Himmer, 949 F.2d 1, 7 (1st Cir. 1991). Section 9 of Chapter 93A provides: "Any person...who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two...may bring an action in Superior Court...."

It is black letter law that each person with an interest in the property that is the subject of a refinance of the borrower's primary residence is entitled to the right to rescind the transaction, and to receive notice thereof. M.G.L. c. 140D §10, 209 CMR 32.23. The failure to provide each person so entitled with two copies of proper notices of this right triggers the extended right to rescind, allowing such a person up to four years to cancel. In re Jaaskelainen, 391 B.R. 627 (Bkrtcy.D.Mass. 2008).

Magna Ferreira's closing package contains but a single notice of right to cancel form, and it bears only her name. A copy of this notice is attached as Exhibit B. No notice was give to Marco Ferreira, and Magna did not receive the statutorily-required second copy. Consequently, both are entitled to the extended right to cancel, and both are now exercising that right.

New Century also failed to meet its statutory obligations in other respects.

When New Century booked the application in Magna Ferreira's name, it had a duty to timely deliver certain mandatory disclosures, including a Preliminary Truth in Lending ("PTIL") disclosure and a Good Faith Estimate of Settlement Costs. New Century's failure to timely provide these disclosures amounts to violations of the Massachusetts Consumer Credit Cost Disclosure Act M.G.L.c 140D §10 ("MCCCDA") and the Federal Truth in Lending Act, 15 U.S.C. §1601 et seq., and are per se violations of Chapter 93A. (See M.G.L. c. 140D §34.)

New Century is not rescued in any way by the Truth in Lending disclosure provided at the closing as "final" Truth in Lending form, a copy of which is attached hereto as Exhibit C. The variable, balloon loan Magna Ferreira received appears to have an amortization period somewhere in the neighborhood of

fifty years, and does not appear to be accurately calculated and does not meet the requirements and tolerances of 209 CMR 32.22.

New Century, by and through its agents, Family Mortgage and ▮▮▮▮▮▮▮▮▮▮ also face potential liability for common law violations by promising the Ferreiras that they would be able to refinance after a year had passed, thereby inducing Magna Ferreira to proceed with the closing and benefiting financially. If a borrower relies on a false representation made by a creditor with knowledge of its falsity and made for the purpose of inducing the borrower to act thereon to his detriment, the creditor will be liable for fraud. In re Leary, 241 B.R. 266, (Bkrtcy. D. Mass 1999); See also Met. Life Ins. Co. v. Ditmore, 729 F.2d 1, 4 (1st Cir. 1984).

## Qualified Written Request

This notice also serves as a "Qualified Written Request" pursuant to the Real Estate Settlement Procedures Act (RESPA) for copies of all documents related to Magna Ferreira's loan, and all information in the recipients' possession, custody or control regarding the broker involved in this transaction ("Family Mortgage") and the loan officer, upon information and belief, one Julio Silva, including, but not limited to, current contact information and copies of cancelled check(s) relating to Ms. Ferreira's loan.

## Demand for Relief

The Ferreiras hereby demand the following relief:

a) The immediate cancellation of the June 11, 2009 foreclosure sale.

b) Rescission of the existing mortgage and recording of a discharge of the mortgage recorded with the Norfolk County Registry of Deeds in Book 24607, Page 526 et seq.

c) An immediate discharge of personal liability of the Ferreiras for the above-referenced mortgage.

d) Causing the Ferreiras' credit report with all three bureaus to reflect no adverse information relating to the above-referenced mortgage loan.

e) Statutory damages for Truth in Lending and MCCCDA violations, $4,000.00.

f) Attorney's fees (to date) of $3,000.00

g) Immediate compliance with the Qualified Written Request set
   forth herein.

We anticipate your response within thirty days of receipt of this
letter.

                              Very truly yours,


                              Olivier Kozlowski


Enclosures


Cc:  Marco & Magna Ferreira
     Sandra D. Martin, Esq. (Orlans Moran)

EXHIBIT A

| A. Settlement Statement | U.S. Department of Housing And Urban Development | | OMB Approval No. 2502-0265 |
|---|---|---|---|

**B. Type of Loan**

| | | | |
|---|---|---|---|
| Conv. Unins. | 6. File Number: 2006916 | 7. Loan Number: 1012365043 | 8. Mortgage Ins. Case No.: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name and Address of Borrower: Magna Ferrein, 36 West Street, Stoughton, MA 02072 | F. Name and Address of Lender: New Century Mortgage Corporation 200 Unicorn Park, 3rd Floor Woburn, MA, 01801 |
|---|---|

E. Name and Address of Seller:

Seller's TIN#:

| G. Property Location: 36 West Street Stoughton, MA 02072 | H. Settlement Agent: Law Offices of ▆▆▆▆ Place of Settlement: ▆▆▆▆ City/Cnty of Settlement ▆▆▆▆ | Tin #: 033483970 I. Settlement Date: February 28, 2007 |
|---|---|---|

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| 100. Gross Amount Due From Borrower | | 400. Gross Amount Due to Seller | |
| 101. Contract Sales Price | $0.00 | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to borrower (line 1400) *2,121.99* | $14,787.43 | 403. | |
| 104. Payoff 1. HomEq Servicing *649.10* | $284,380.77 | 404. | |
| 105. Payoff 2. HomEq Servicing *293.30* | $73,859.90 | 405. | |
| Adjustments for items paid by seller in advance *353,250.61* | | Adjustments for items paid by seller in advance | |
| 106. City/Town taxes       to | | 406. City/Town taxes       to | |
| 107. County Taxes       to | | 407. County Taxes       to | |
| 108. Assessments       to | | 408. Assessments       to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. Gross Amount Due From Borrower | $373,038.10 | 420. Gross Amount Due to Seller | |
| 200. Amounts Paid By Or In Behalf Of Borrower | | 500. Reductions In Amount Due to Seller | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $423,000.00 | 502. Settlement Charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff 1. | |
| 205. | | 505. Payoff 2. | |
| 206. | | 506. to | |
| 207. | | 507. to | |
| 208. | | 508. to | |
| 209. | | 509. to | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes       to | | 510. City/town taxes       to | |
| 211. County Taxes       to | | 511. County Taxes       to | |
| 212. Assessments       to | | 512. Assessments       to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. Total Paid By/For Borrower | $423,000.00 | 520. Total Reduction Amount Due Seller | |
| 300. Cash At Settlement From/To Borrower | | 600. Cash At Settlement To/From Seller | |
| 301. Gross amount due from borrower (line 120) | $373,038.10 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | ($423,000.00) | 602. Less amount paid by/for seller (line 520) | |
| 303. CASH TO BORROWER: *$ 3,631.79* | $49,961.90 | 603. CASH FROM SELLER: | |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained in Blocks E,G,H and I and on line 401 (or if line 401 is asterisked, lines 403 and 404) is important tax information and is being furnished to the Internal Revenue Service.
If you are required to file a return, a negligence penalty or other sanction will be imposed on you, if this item is required to be reported and the IRS determines that it has not been reported.
SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040). You are required by law to provide (see Box H) with your correct taxpayer identification number. If you do not provide (see Box H) with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law, and under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

Seller's Signature

| L. Settlement Charges | | Paid From Borrowers Funds at Settlement | Paid From Sellers Funds at Settlement |
|---|---|---|---|
| 700. Total Sales/Broker's Commission based on Price $0.00 @ % = | | | |
| Division of Commission (line 700) as follows: | | | |
| 701. to | | | |
| 702. to | | | |
| 703. Commission paid at Settlement | | | |
| 704. | | | |
| 800. Items Payable in Connection With Loan | POC | | |
| 801. Loan Origination fee % | | | |
| 802. Loan Discount % | | | |
| 803. Appraisal Fee to Family Mortgage | $300.00 | | |
| 804. Credit Report Fee to | | | |
| 805. Origination Fee 1% to Family Mortgage | | $4,230.00 | |
| 806. Mortgage Broker Fee to Family Mortgage | | $5,287.50 | |
| 807. Application fee to Family Mortgage | | $170.00 | |
| 808. Tax Certification Fee to New Century Mortgage | | $76.00 | |
| 809. Flood Certification Fee to New Century Mortgage | | $11.20 | |
| 810. Documentation Fee to New Century Mortgage | | $400.00 | |
| 811. Underwriting Fee to New Century Mortgage | | $409.00 | |
| 812. to | | | |
| 813. to | | | |
| 814. Processing Fee to Family Mortgage | | $595.00 | |
| 815. to | | | |
| 900. Items Required By Lender To Be Paid In Advance | | | |
| 901. Interest from 3/5/2007 to 3/1/2007 @ 106.0400 /day -4 Days | | ($424.16) | |
| 902. Mortgage insurance premium for mo. to | | | |
| 903. Hazard Insurance premium for yrs. to | | | |
| 904. Flood Insurance yrs. to | | | |
| 905. | | | |
| 1000. Reserves Deposited With Lender | | | |
| 1001. Hazard Insurance months @ per month | | | |
| 1002. Mortgage Insurance months @ per month | | | |
| 1003. City property taxes months @ per month | | $0.00 | |
| 1007. months @ per month | | | |
| 1008. Aggregate Accounting Adjustment | | | |
| 1100. Title Charges | | | |
| 1101. Settlement or closing fee to | | | |
| 1102. Abstract or title search to | | | |
| 1103. Title examination to Quirk & Associates | | $100.00 | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to | | | |
| 1106. Notary fees to | | | |
| 1107. Attorney's fees to Law Offices of ▮▮▮▮▮ | | $695.00 | |
| ( includes the above items Numbers: ) | | | |
| 1108. Title insurance to Old Republic National Title Insurance Company | | $697.95 | |
| ( Includes the above item numbers: : ) | | | |
| 1109. Lender's coverage $423,000.00 L Prem: $697.95 Endorsement: | | | |
| 1110. Owner's coverage $0.00 O Prem: | | | |
| 1111. Obtain Mortgage Discharge(s) to | | | |
| 1112. to | | | |
| 1113. Title Ins. Commission to Title Agent $488.57 to | | | |
| 1200. Government Recording and Transfer Charges | | | |
| 1201. Recording fees: Deed ; Mortgage $175.00 ; Releases $150.00 | | $325.00 | |
| 1202. City/County/Stamps: Deed ; Mortgage | | | |
| 1203. State tax/stamps: Deed $0.00 ; Mortgage | | | |
| 1204. Record Municipal Lien Certificate to | | $70.00 | |
| 1205. to | | | |
| 1300. Additional Settlement Charges | | | |
| 1301. Survey to Des Lauriers & Associates, Inc. to | | | |
| 1302. Pest Inspection to | | | |
| 1303. Overnight Courier Fees to ▮▮▮▮▮ | | $45.00 | |
| 1304. Fax/Copy/Wire to ▮▮▮▮▮ | | $68.00 | |
| 1305. MLC Record & Rundown to ▮▮▮▮▮ | | $60.00 | |
| 1306. Discharge Tracking Fee to ▮▮▮▮▮ | | $125.00 | |
| 1307. 2nd Half Taxes due May 1, 2007 to Town of Stoughton | | $1,844.94 | |
| 1400. Total Settlement Charges (enter on lines 103, Section J and 502 Section K) | | $14,787.43 | |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

Borrowers _____     Sellers _____

Magna Ferreira

_____     _____

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Settlement Agent: _____     Date: February 28, 2007

WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine or imprisonment. For details see: Title 10 U.S. Code Section 1001 and Section 1010.

Page 2 of 2     form HUD - 1 (3/86)

EXHIBIT B

# NOTICE OF RIGHT TO CANCEL

DATE: February 28, 2007
LOAN NO: 1012365843
TYPE: Conventional Balloon

LENDER:  New Century Mortgage Corporation

BORROWER(S)/OWNER(S)  MAGNA FERREIRA

ADDRESS:      36 WEST STREET
CITY/STATE/ZIP:  Stoughton, MA 02072
PROPERTY:     36 WEST STREET, Stoughton, MA  02072

## YOUR RIGHT TO CANCEL

You are entering into a transaction that will result in a mortgage/lien/security interest on your home.  You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is February 28 , 2007
_____
or                                                             A. (insert TRANSACTION DATE)
(2) The date you received your Truth In Lending disclosures;
or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled.  Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property.  If it is impractical or unfair for you to return the property, you must offer its reasonable value.  You may offer to return the property at your home or at the location of the property.  Money must be returned to the address below.  If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

New Century Mortgage Corporation

200 Unicorn Park, 3rd Flr
Woburn, MA 01801

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below.  Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of March 03 , 2007
_____
C. (insert 3 DAY DATE)
(or midnight of the third business day following the latest of the three events listed above).  If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

_____          _____
(Borrower's signature if exercising right to cancel)                      D. (CANCEL DATE)

Each of the borrowers/owners in this transaction has the right to cancel.  The exercise of this right by one borrower/owner shall be effective as to all borrowers/owners.

The undersigned each acknowledge receipt of two copies of NOTICE of RIGHT TO CANCEL

_____          _____          _____
MAGNA FERREIRA                   B. SIGNATURE DATE                 SIGNATURE DATE


_____          _____          _____
                                 SIGNATURE DATE                    SIGNATURE DATE

## PLEASE READ BEFORE COMPLETING THIS FORM

To proceed with this transaction, enter the following: (A): TRANSACTION DATE, which is the date the borrower signs loan documents (consummates the transaction); (B): Borrower's signature and SIGNATURE DATE, which is the date borrower signs this document; (C) 3 DAY DATE, which is the third business day following the TRANSACTION DATE. If SIGNATURE DATE of last signer is later than the TRANSACTION DATE, contact Lender to confirm correct 3 DAY DATE. Do not make any amendments, erasures, strikeouts, whiteouts or alterations to the document without prior written authorization from the Lender. Should an error occur in the completion of this form, contact Lender immediately. Each borrower must be provided 2 completed, signed copies of this form.

To cancel this transaction, the borrower signs and enters the Cancellation Date (D) in the space following the words "I WISH TO CANCEL". Borrower may also cancel this transaction by mailing or delivering his or any written form of cancellation notice to Lender within 3 business days after signing loan documents.

1012365843

NCMC
Notice of Right to Cancel
RE-109  (072004)

Page 1 of 1

EXHIBIT C

# FEDERAL TRUTH-IN-LENDING DISCLOSURE STATEMENT
For use with Adjustable Rate Mortgage Loans

**NEW CENTURY**
MORTGAGE CORPORATION

Date: February 28, 2007          Loan#: 1012365843

Borrower(s): MAGNA FERREIRA

Property 36 WEST STREET
Location:

Stoughton, MA  02072

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 11.521% | $ 1,473,184.38 | $ 410,940.46 | $ 1,884,124.84 |

☐ Preliminary          ☐ Redisclosure          ☒ Final

Your payment schedule will be:

| No. of Payments | Amount of Payments ** | When Payments are Due | |
|---|---|---|---|
| 36 | $      3,269.56 | 04/01/07 | = 117,344.16 |
| 6 | $      3,767.43 | 04/01/10 | = 22,604.58 |
| 317 | $      4,273.87 | 10/01/10 | = 1,354,816.70 |
| 1 | $    389,359.31 | 03/01/37 | = 389,359.31 |
|  | $ |  |  |
|  | $ |  |  |
|  | $ |  |  |
|  | $ |  |  |
|  | $ |  |  |
|  | $ |  |  |

☐ This obligation has a demand feature.

This is a variable-rate Loan. Disclosures were provided to you earlier.

Filing Fees $ 325.00          Non-Filing Insurance $ N/A

Security: You are giving a security interest in the property located at

☒ 36 WEST STREET, Stoughton, MA  02072

Late Charge: If payment is 15  days late, you will be charged     3.000% of the payment.

Prepayment: If you pay off early, you

☐ may   ☒ will not     have to pay a penalty.
☐ may   ☒ will not     be entitled to a refund of part of the finance charge.

Assumption: Someone buying your home

☒ cannot assume the remainder of the mortgage on the original terms.
☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.
e means an estimate

PROPERTY INSURANCE: ☒ Property hazard insurance to replace the cost of improvements with a loss payable clause to the lender is a required condition of this loan. Borrower may purchase this insurance from any company acceptable to the lender. Hazard insurance ☐ is ☒ is not available through the lender at an estimated cost of   N/A        for a
N/A          year term.

I/We hereby acknowledge receipt of this disclosure.

_____          _____
MAGNA FERREIRA          Date                                    Date

_____          _____
                        Date                                    Date

** NOTE: Payments shown above do not include deposits for taxes, assessments, and property or flood insurance.

NCMC
Truth in Lending - ARM
RE-274   (122106)          Page 1 of 2          1012365843

# DEFINITION OF TRUTH-IN-LENDING TERMS

### ANNUAL PERCENTAGE RATE

This is not the Note rate for which the borrower applied. The Annual Percentage Rate (APR) is the cost of the loan in percentage terms taking into account various loan charges of which interest is only such charge. Other charges which are used in calculation of the Annual Percentage Rate are Private Mortgage Insurance or FHA Mortgage Insurance Premium (when applicable) and Prepaid Finance Charges (loan discount, origination fees, prepaid interest and other credit costs). The APR is calculated by spreading these charges over the life of the loan which results in a rate generally higher than the interest rate shown on your Mortgage/Deed of Trust Note. If interest was the only Finance Charge, then the interest rate and the Annual Percentage Rate would be the same.

### PREPAID FINANCE CHARGES

Prepaid Finance Charges are certain charges made in connection with the loan and which must be paid upon the close of the loan. These charges are defined by the Federal Reserve Board in Regulation Z and the charges must be paid by the borrower. Non-Inclusive examples of such charges are: Loan origination fee, "Points" or Discount, Private Mortgage Insurance or FHA Mortgage Insurance, Tax Service Fee. Some loan charges are specifically excluded from the Prepaid Finance Charge such as appraisal fees and credit report fees.

Prepaid Finance Charges are totaled and then subtracted from the Loan Amount (the face amount of the Deed of Trust/Mortgage Note). The net figure is the Amount Financed as explained below.

### FINANCE CHARGE

The amount of interest, prepaid finance charge and certain insurance premiums (if any) which the borrower will be expected to pay over the life of the loan.

### AMOUNT FINANCED

The Amount Financed is the loan amount applied for less the prepaid finance charges. Prepaid finance charges can be found on the Good Faith Estimate/Settlement Statement (HUD-1 or 1A). For example if the borrower's note is for $100,000 and the Prepaid Finance Charges total $5,000, the Amount Financed would be $95,000. The Amount Financed is the figure on which the Annual Percentage Rate is based.

### TOTAL OF PAYMENTS

This figure represents the total of all payments made toward principal, interest and mortgage insurance (if applicable).

### PAYMENT SCHEDULE

The dollar figures in the Payment Schedule represent principal, interest, plus Private Mortgage Insurance (if applicable). These figures will not reflect taxes and insurance escrows or any temporary buydown payments contributed by the seller.

### PREPAYMENT PENALTY

The prepayment section of your Truth in Lending disclosure statement will show if your loan "may" or "will not" have a prepayment penalty. A prepayment penalty is a charge that is added to the payoff amount if a loan is voluntarily paid in full prior to the expiration of the prepayment penalty term. Your lender offers loans with or without prepayment penalties. Please discuss the options with your loan officer and read your closing documents carefully to make sure you understand the terms of your loan.

```
                         TRANSACTION REPORT
                                                    JUN-01-2009 MON 08:17 PM

 DATE  START    RECEIVER          TX TIME   PAGES TYPE      NOTE              M# DP

 JUN-01 08:09 PM 16175024101       8'10"    14  SEND        OK                058

                                            TOTAL :    8M 10S  PAGES:  14
```

Law Offices of Bruce A. Bierhans, LLC.

Attorneys at Law

294 PLEASANT STREET, SUITE 204
STOUGHTON, MASSACHUSETTS 02072

TELEPHONE: (781) 297-0005
FACSIMILE: (781) 297-7427

E-MAIL: oliver@bierlaw.com
WEBSITE: www.bierlaw.com

## FACSIMILE COVER SHEET

### Page 1 of 14

TO:        Sandra D. Martin, Esq.
           Orlans Moran — foreclosure department

PHONE:     (617) 502-4100
FAX:       (617) 502-4101

RE:        Magna Ferreira; Case No. 389914; File No. 244.6031

Date       June 1, 2009
Time:      7:32 PM

# SAXON

3701 Regent Blvd., Suite 200
P.O. Box 630799-0799
Irving, TX 75063-2241
(972) 570-6000 • (972)570-6001 Fax.

June 17, 2009

Law Offices of Bruce A Bierhans

294 Pleasant Street, Ste 204

Stoughton, MA 02072

Re: Saxon Loan: 2000262397, Ferreira

Dear Olivier Kozlowski,

Thank you for your correspondence regarding the above referenced loan. Unfortunately we are unable to release information to you because:

You are not authorized to receive information on this account.

For security purposes, please resubmit your request with a letter from the borrower authorizing the request.   We apologize for any inconvenience. Please submit this information to the following:

Saxon Mortgage Services Inc
Customer Relations
P O Box 163405
Fort Worth, TX  76161
Fax: 817-665-7970

Sincerely,

Crissy Moore
Customer Relations Specialist
Saxon Mortgage Services Inc.

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

## Law Offices of Bruce A. Bierhans, LLC.
### Attorneys at Law

294 PLEASANT STREET, SUITE 204
STOUGHTON, MASSACHUSETTS 02072

TELEPHONE: (781) 297-0005
FACSIMILE: (781) 297-7427

E-MAIL: olivier@bierlaw.com
WEBSITE: www.bierlaw.com

## FACSIMILE COVER SHEET

### Page 1 of 4

TO:        Crissy Moore

FAX:       (972) 570-6001
PHONE:     (972) 570-6000

RE:        Saxon Loan No. 2000262397, Ferreira

Date       June 22, 2009
Time:      11:48 AM

FROM:      Olivier Kozlowski, Esq.  OK

PHONE:     (781) 297-0005
FAX:       (781) 297-7427

*Please phone 781-297-0005 if you do not receive all pages or if you receive any illegible facsimiles.*

Message:

*The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us by telephone and return the original message to us at the above address via the U.S. Postal Service. Thank you.*

Law Offices of Bruce A. Bierhans, LLC

*Attorneys At Law*

Mailing Address
294 Pleasant Street
Suite 204
Stoughton
Massachusetts 02072

t. 781.297.0005
f. 781.297.7427
bruce@bierlaw.com
www.bierlaw.com



*Chatham Office: Kathleen E. Higgins • Of Counsel*

June 22, 2009

<u>VIA FACSIMILE to:</u> (972) 570-6001 and First-Class Mail

Crissy Moore
Customer Relations Specialist
Saxon Mortgage Services, Inc.
3701 Regent Blvd., Suite 200
P.O. Box 630799-0799
Irving, TX 75063-2241

RE:  Saxon Loan No. 2000262397, Ferreira

Dear Ms. Moore:

I received your letter of June 17th, a copy of which is attached, in my office today. Attached please find the requested authorization, signed by Magna Ferreira today.

Please be advised that no extension to the 30-day timeframe for your response has been asked for, nor is one granted by this letter. This message is not to be taken as a "resubmit[tal]" of the Ferreiras' June 2nd rescission and demand letter pursuant M.G.L. c. 93A.

Finally, be advised that our office is moving. Effective this Thursday, June 25, 2009, our new address will be 868 Washington Street, Easton, MA 02375. Our new telephone number will be (508) 238-0003 and new fax will be (508) 238-7212. E-mail and our Wellfleet and Chatham offices will remain the same.

Very truly yours,

Olivier Kozlowski

OK/ok

Enclosures

Cc:  Marco & Magna Ferreira



Law Offices of Bruce A. Bierhans, LLC
Attorneys At Law

294 Pleasant Street
Suite 204
Stoughton
Massachusetts 02072

t. 781.297.0005
f. 781.297.7427
bruce@bierlaw.com
www.bierlaw.com



*Chatham Office · Kathleen E. Higgins · Of Counsel*

## AUTHORIZATION

    To whom it may concern, I, Magna Ferreira, hereby authorize ___Saxon Mortgage Services, Inc.___, and all of its employees, representatives and agents to disclose any and all information about my mortgage on my property at 36 West Street, Stoughton, Massachusetts, loan # 2000262397, to Olivier Kozlowski and the Law Offices of Bruce A. Bierhans, 294 Pleasant Street, Suite 204, Stoughton, MA 02072, (781) 297-0005, and I authorize said office to negotiate on my behalf.

_Magna Ferreira_____   06.22.09
BORROWER:                          [DATE]

SS #:

# SAXON

570: Regent Blvd, Suite 200
P.O. Box 6807-90-0799
Irving, TX 75063-2240
(972) 570-6000 • (972) 570-6001 Fax

June 17, 2009

Law Offices of Bruce A Bierhans

294 Pleasant Street, Ste 204

Stoughton, MA 02072

Re: Saxon Loan: 2000262397, Ferreira

Dear Olivier Kozlowski,

Thank you for your correspondence regarding the above referenced loan. Unfortunately we are unable to release information to you because:

You are not authorized to receive information on this account.

For security purposes, please resubmit your request with a letter from the borrower authorizing the request.   We apologize for any inconvenience. Please submit this information to the following:

Saxon Mortgage Services Inc
Customer Relations
P O Box 163405
Fort Worth, TX 76161
Fax: 817-665-7970

Sincerely,

Crissy Moore
Customer Relations Specialist
Saxon Mortgage Services Inc.

Saxon Mortgage Services Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com

P. 01

TRANSACTION REPORT

JUN-22-2009 MON 12:31 PM

| DATE START | RECEIVER | TX TIME | PAGES TYPE | NOTE | M# DP |
|---|---|---|---|---|---|
| JUN-22 12:30 PM | 19725706001 | **'**" | 0 SEND | BUSY | 100 |

TOTAL : OS PAGES: 0

## Law Offices of Bruce A. Bierhans, LLC.
### Attorneys at Law

294 PLEASANT STREET, SUITE 204
STOUGHTON, MASSACHUSETTS 02072

TELEPHONE (781) 297-0005
FACSIMILE: (781) 297-7427

E-MAIL: olivier@bierlaw.com
WEBSITE: www.bierlaw.com

## FACSIMILE COVER SHEET

### Page 1 of 4

TO:        Crissy Moore

FAX:       (972) 570-6001
PHONE:     (972) 570-6000

RE:        Saxon Loan No. 2000262397, Ferreira

Date       June 22, 2009
Time:      11:48 AM

FROM:      Olivier Kozlowski, Esq.

# SAXON

3701 Regent Blvd., Suite 200
P.O. Box 650799-0799
Irving, TX 75063-2241
(972) 570-6000 • (972)570-6001 Fax

07/02/09

MAGNA FERREIRA
36 WEST ST
STOUGHTON          MA  02072-2276

Re: Loan Number 2000262397

Dear MAGNA FERREIRA:

Thank you for your recent correspondence requesting Law Offices of Bruce A. Bierhans, LLC be authorized to obtain information concerning your account.

In accordance with your wishes, Law Offices of Bruce A. Bierhans, LLC has been authorized to speak with any of our representatives and obtain all information about your account.

Your business is very important to Saxon and we look forward to serving your needs for many years to come.

For your convenience, please access the Saxon Mortgage Services, Inc. Web site, www.saxononline.com, to obtain loan information, billing statements, escrow information, copies of loan documents, etc.  If you have any additional questions, please feel free to contact our Customer Service Department toll-free at 800-594-8422.

Sincerely,

*Debbie Murphy*

Customer Relations Department
Saxon Mortgage Services, Inc.

315  AuthNC 10/29/08

Saxon Mortgage Services, Inc. is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. If your loan is currently in bankruptcy, this notice is being sent for informational purposes only. This notice is not intended as an attempt to collect, assess, or claim against or demand payment from any person who is protected by the U.S. Bankruptcy Code. If you have recently been discharged of your personal liability on this debt due to your Chapter 7 bankruptcy, Saxon is not seeking to collect, recover or offset the debt as a personal liability. We intend only to enforce and collect the debt against the collateral as permitted by applicable state law. This communication is only for the purpose of protecting our right to enforcement of the lien on the collateral.

Visit us on the web at www.saxononline.com.

ORLANS | MORAN PLLC

P.O. BOX 962169
BOSTON, MASSACHUSETTS 02196
TEL: (617) 502-4100
FAX: (617) 502-4101

John T. Precobb
E-mail: jprecobb@orlansmoran.com
Direct Dial: 617-502-4116

July 2, 2009

Olivier Kozlowski
Law Offices of Bruce A. Bierhans, LLC
294 Pleasant St., Suite 204
Stoughton, MA 02072

Re:   Demand pursuant to M.G.L. c. 93A
      Magna & Marco Ferreira
      36 West St., Stoughton, MA

Dear Attorney Kozlowski:

This letter is in response to your letter directed to Saxon Mortgage Services, Inc. dated June 2, 2009. Saxon Mortgage Services, Inc. ("Saxon") as servicer has no liability for any alleged actions of the original lender in this matter. Even if such actions could be attributed to Saxon we do not believe that the original lender committed any act which would rise to the level of an unfair and deceptive act. Ms. Ferreira executed the loan documents as the borrower and Mr. Ferreira executed the mortgage as a co-owner. The execution of the Right to Cancel by Ms. Ferreira creates a reputable presumption that she received the requisite copies of the Right to Cancel. The Jaaskelanienen case is in line with this thinking but allows for a borrower to attempt to rebut the presumption. We do not believe that the failure to provide a copy of the Right to Cancel to a spouse/owner who is a non borrower/applicant will affect our assertion that a proper Right to Cancel was received.

You refer to violations regarding failure to provide disclosures. However, you cite M.G.L. c. 140D § 10 which pertains to the right of rescission. In addition, you cite Title 15 U.S.C. 1601 but do not specify how and what provision of this federal statute has been violated. Moreover, Saxon has no responsibility for any alleged statements made by a third party mortgage broker or closing attorney.

In conclusion, Saxon does not believe that it has any liability for the allegations you make in your letter dated June 2, 2009. Saxon has no knowledge of what happened with regard to the origination or what happened at closing. Notwithstanding this, the allegations you make against the original lender don't appear to pass muster. As such,

Saxon does not agree to your settlement terms and is not willing to make any counteroffer at this time.

Very truly yours,

John T. Precobb

# ORLANS | MORAN

ORLANS | MORAN
PO Box 962169
Boston, Massachusetts 02196
P 617-502-4100  F 617-502-4101
www.orlans.com

July 20, 2009

FIRST CLASS

Magna Ferreira
c/o Law Offices of Bruce A. Bierhans, LLC
Olivier Kozlowski, Esq.
294 Pleasant St., Suite 204
Stoughton, MA 02072

RE:     Mortgage Electronic Registration Systems, Inc. vs. Magna  Ferreira
        Case No. Loan No. 389914       File Number: 244.6031

### NOTICE OF INTENTION TO FORECLOSE AND OF DEFICIENCY AFTER FORECLOSURE OF MORTGAGE

Dear Olivier Kozlowski, Esq.:

The Borrower is hereby notified, in accordance with the statute, of our intention, on or after August 17, 2009 to foreclose under power of sale for breach of condition, and by entry, that certain mortgage ("Mortgage") held by the undersigned covering the premises known and numbered as 36 West Street, Stoughton, MA dated February 28, 2007 and recorded with the Norfolk County Registry of Deeds at Book 24607, Page 526 to secure a note or other obligation signed by you, for the whole, or part, of which you may be liable to the undersigned in the case of a deficiency in the proceeds of the foreclosure sale.

A copy of the foreclosure advertisement is enclosed.

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,
Mortgage Electronic Registration Systems,
Inc.
By its Attorneys,
Orlans/Moran PLLC

Sandra D. Martin, Esq.

If you are currently in a bankruptcy or have received a discharge in bankruptcy as to this obligation, this communication is intended for information purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunction.

Enclosures

<u>MORTGAGEE'S NOTICE OF SALE OF REAL ESTATE</u>

By virtue and in execution of the Power of Sale contained in a certain Mortgage given by Magna Ferreira and Marco Ferreira to Mortgage Electronic Registration Systems, Inc., dated February 28, 2007 and recorded with the Norfolk County Registry of Deeds at Book 24607, Page 526 of which the Mortgage the undersigned is the present holder for breach of the conditions of said Mortgage and for the purpose of foreclosing same will be sold at Public Auction at 10:00 AM on August 17, 2009 at 36 West Street, Stoughton, MA, all and singular the premises described in said Mortgage, to wit:

A certain parcel of land with the building thereon commonly known as 36 West Street located in Stoughton, Norfolk County, Massachusetts on West Street, being shown as Lot 2 on a plan of land entitled "plan of Land in Stoughton, Mass." Dated July 1972 property of Albert K. Rodrigues & Sons Constructions Co., Inc., Malcom E. Austin, duly recorded with Norfolk County Registry of Deeds, as Plan No. 546 of 1972, Book 4850, Page 382, to which plan reference is hereby made for a more particular description, and containing 22,481.80 square feet of land, more or less, according to said plan.

This conveyance a subject to and with the benefit of a ten foot sewer easement, dated March 28, 1968, recorded with Book 4501 Page 499.

Together with and subject to restrictions, rights and easements of record insofar as the same are now in force and applicable.

The premises are to be sold subject to and with the benefit of all easements, restrictions, building and zoning laws, unpaid taxes, tax titles, water bills, municipal liens and assessments, rights of tenants and parties in possession.

<u>TERMS OF SALE:</u>
A deposit of FIVE THOUSAND DOLLARS AND 00 CENTS ($5,000.00) in the form of a certified check or bank treasurer's check will be required to be delivered at or before the time the bid is offered. The successful bidder will be required to execute a Foreclosure Sale Agreement immediately after the close of the bidding. The balance of the purchase price shall be paid within thirty (30) days from the sale date in the form of a certified check, bank treasurer's check or other check satisfactory to Mortgagee's attorney. The Mortgagee reserves the right to bid at the sale, to reject any and all bids, to continue the sale and to amend the terms of the sale by written or oral announcement made before or during the foreclosure sale. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney. The description of the premises contained in said mortgage shall control in the event of an error in this publication. **TIME WILL BE OF THE ESSENCE.**

Other terms if any, to be announced at the sale.

Mortgage Electronic Registration Systems, Inc.
Present Holder of said Mortgage,
By Its Attorneys,
Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196
Phone: (617) 502-4100

# ORLANS | MORAN

ORLANS | MORAN
PO Box 962169
Boston, Massachusetts 02196
P 617-502-4100  F 617-502-4101
www.orlans.com

July 20, 2009

FIRST CLASS

Marco Ferreira
c/o Olivier Kozlowski, Esq.
Law Offices of Bruce A. Bierhans, LLC
294 Pleasant St., Suite 204
Stoughton, MA  02072

RE:     Mortgage Electronic Registration Systems, Inc. v. Magna Ferreira
         Case No. 389914 File Number: 244.6031

Dear Sir or Madam:

     Enclosed please find a copy of the Mortgagee's Notice of Sale of Real Estate with respect to the mortgaged premises located at 36 West Street, Stoughton, MA 02072.  This foreclosure proceeding is brought by Mortgage Electronic Registration Systems, Inc. (the "Bank") pursuant to a Mortgage granted by Magna Ferreira and Marco Ferreira to Mortgage Electronic Registration Systems, Inc., dated February 28, 2007 and recorded with the Norfolk County Registry of Deeds at Book 24607, Page 526.  As indicated in the Notice, the Bank has scheduled a public auction foreclosure sale for 17th day of August, 2009 at 10:00 AM on the mortgaged premises.

**FEDERAL LAW REQUIRES US TO ADVISE YOU THAT COMMUNICATION WITH OUR OFFICE COULD BE INTERPRETED AS AN ATTEMPT TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Very truly yours,
Mortgage Electronic Registration Systems, Inc.
By its Attorneys,
Orlans Moran PLLC

Sandra D. Martin, Esq.

MORTGAGEE'S NOTICE OF SALE OF REAL ESTATE

By virtue and in execution of the Power of Sale contained in a certain Mortgage given by Magna Ferreira and Marco Ferreira to Mortgage Electronic Registration Systems, Inc., dated February 28, 2007 and recorded with the Norfolk County Registry of Deeds at Book 24607, Page 526 of which the Mortgage the undersigned is the present holder for breach of the conditions of said Mortgage and for the purpose of foreclosing same will be sold at Public Auction at 10:00 AM on August 17, 2009 at 36 West Street, Stoughton, MA, all and singular the premises described in said Mortgage, to wit:

A certain parcel of land with the building thereon commonly known as 36 West Street located in Stoughton, Norfolk County, Massachusetts on West Street, being shown as Lot 2 on a plan of land entitled "plan of Land in Stoughton, Mass." Dated July 1972 property of Albert K. Rodrigues & Sons Constructions Co., Inc., Malcom E. Austin, duly recorded with Norfolk County Registry of Deeds, as Plan No. 546 of 1972, Book 4850, Page 382, to which plan reference is hereby made for a more particular description, and containing 22,481.80 square feet of land, more or less, according to said plan.

This conveyance a subject to and with the benefit of a ten foot sewer easement, dated March 28, 1968, recorded with Book 4501 Page 499.

Together with and subject to restrictions, rights and easements of record insofar as the same are now in force and applicable.

The premises are to be sold subject to and with the benefit of all easements, restrictions, building and zoning laws, unpaid taxes, tax titles, water bills, municipal liens and assessments, rights of tenants and parties in possession.

TERMS OF SALE:
A deposit of FIVE THOUSAND DOLLARS AND 00 CENTS ($5,000.00) in the form of a certified check or bank treasurer's check will be required to be delivered at or before the time the bid is offered. The successful bidder will be required to execute a Foreclosure Sale Agreement immediately after the close of the bidding. The balance of the purchase price shall be paid within thirty (30) days from the sale date in the form of a certified check, bank treasurer's check or other check satisfactory to Mortgagee's attorney. The Mortgagee reserves the right to bid at the sale, to reject any and all bids, to continue the sale and to amend the terms of the sale by written or oral announcement made before or during the foreclosure sale. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney. The description of the premises contained in said mortgage shall control in the event of an error in this publication. TIME WILL BE OF THE ESSENCE.

Other terms if any, to be announced at the sale.

Mortgage Electronic Registration Systems, Inc.
Present Holder of said Mortgage,
By Its Attorneys,
Orlans Moran PLLC
P.O. Box 962169
Boston, MA 02196
Phone: (617) 502-4100

# COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                          SUPERIOR COURT
                                                     CIVIL ACTION

                                                     NO.  9-1398

MARCO FERREIRA AND MAGNA FERREIRA
_____, *Plaintiff*

                                    v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC AND SAXON MORTGAGE SERVICES
_____, *Defendant*                    INC

## SUMMONS AND RESTRAINING ORDER

To the above-named Defendant:

          Olivier Kozlowski, Esquire
        You are hereby summoned and required to serve upon _____, plaintiff's
        Law Offices of Bruce A Bierhans LLC, 868 Washington Street, Easton, MA 023
attorney, whose address is _____, an answer to the complaint which is herewith served
upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail
to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are
also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either
before service upon the plaintiff's attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim
which you may have against the plaintiff which arises out of the transaction or occurrence that is the
subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other
action.

        WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint,
for a preliminary injunction and that a hearing upon such application will be held at the court house at
said Dedham – in the first session without jury of our said court on _____Thursday_____ the
_____20th_____ day of _____August_____ A.D. 20 09 at _2:00_ o'clock P.M., at which you may appear
and show cause why such application should not be granted.

        In the meantime, until such hearing, WE COMMAND YOU, said _Defendants_
and your agents, attorneys and counsellors, and each and every one of them; to desist and refrain from

_____

        SEE ORDER

_____

_____

        WITNESS, **BARBARA J. ROUSE, Esquire** , *Esquire*, at _____Dedham_____

the _____12th_____ day of _____August_____, in the year of our Lord two thousand

and _____nine_____ .

                    *John Cotter*
                                        *Walter F. Timilty* , Clerk,

A true copy Attest:

8/13/09 Deputy Sheriff Suffolk County

NOTES:
1.  This summons is issued pursuant to Rules 4 and 14 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all such defendants should appear in the caption.
    If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-30

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................................, 20     , I served a copy of the within summons and restraining orders, together with a copy of the complaint, in this action, upon the within named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

........................................................

........................................................

........................................................

Dated:                      , 20     ........................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

|  |
|---|
| , 20     . |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                    SUPERIOR COURT
                               CIVIL ACTION

                               NO. ................, *Plaintiff*

                               v.

                               ................, *Defendant*

**SUMMONS**
**(Mass. R. Civ. P. 4)**
**AND**
**ORDER OF NOTICE**
**WITH**
**TEMPORARY RESTRAINING ORDER**

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 09- 1398

```
                                    )
MARCO FERREIRA & MAGNA FERREIRA,    )
     Plaintiffs                     )
                                    )
v.                                  )
                                    )
MORTGAGE ELECTRONIC REGISTRATION    )
SYSTEMS, INC. and SAXON MORTGAGE    )
SERVICES, INC.                      )
                                    )
```

ORDER GRANTING TEMPORARY RESTRAINING ORDER (WITHOUT SURETY)

This cause coming to be heard on the Motion of Plaintiffs
Magna and Marco Ferreira for the entry of immediate injunctive
relief against Defendants Mortgage Electronic Registration
Systems, Inc. ("MERS") and Saxon Mortgage Services, Inc.
("Saxon"), the Court having considered the written and/or oral
arguments, the Court finds and orders as follows:

The Court finds that the Plaintiffs have demonstrated a
likelihood of success on the merits of their claims against the
Defendants, and that there is an immediate threat of irreparable
harm to the Plaintiffs for which no adequate remedy exists at
law if the requested injunction is not entered. For those
reasons, the Court hereby orders:

1) Defendants Mortgage Electronic Registration Systems, Inc.
   and Saxon Mortgage Services, Inc., their officers, agents,
   servants, employees and attorneys are hereby enjoined from
   taking any action in furtherance of foreclosing on the

mortgage on Plaintiff's property located at 36 West Street,
Stoughton, Massachusetts; said mortgage being dated
February 28, 2007 and recorded with the Norfolk County
Registry of Deeds in Book 24607, Page 562 et seq. during
the pendency of this action.

2) Good cause having been found, no security shall be required
in connection with this Order.

By the Court:

_Associate Justice of the Superior Court_

Dated: August 12 , 2009