United States District Court
District of Massachusetts

_____
                                    )
**MARCO FERREIRA and MAGNA**        )
**FERREIRA,**                       )
    Plaintiffs, )
                                    )    Civil Action No.
    v.          )    09-11394-NMG
                                    )
**MORTGAGE ELECTRONIC REGISTRATION**)
**SYSTEMS, INC. and SAXON MORTGAGE**)
**SERVICES, INC.,**                 )
    Defendants. )
_____)

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant action, plaintiffs Marco and Magna Ferreira ("the Ferreiras") bring suit against defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Saxon Mortgage Services, Inc. ("Saxon") seeking, inter alia, to rescind the mortgage on their residence located at 36 West Street, Stoughton, MA ("the Property"). Pending before the Court are defendants' motion for summary judgment which was, until recently, unopposed and plaintiffs' motion to file a nunc pro tunc opposition.

**I. Background**

    **A. Factual Background**

The following facts are taken from defendants' Statement of Undisputed Material Facts which is deemed admitted as uncontroverted. See Local Rule 56.1.

On February 28, 2007, Magna Ferreira refinanced a prior home loan with a new loan from New Century Mortgage Corporation ("New Century") in the principal amount of $423,000 ("the Loan") by executing a note ("the Note") secured by a mortgage on the Property. Mrs. Ferreira's husband Marco was a joint owner of the Property but was not a signatory to the Note. On the date of the refinancing, the closing occurred and Mrs. Ferreira received at least one copy of a document titled "Notice of Right to Cancel" ("the Notice").

The Notice stated:

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is <u>February 28, 2007</u>; or
(2) The date you received your Truth In Lending disclosures; or
(3) The date you received this notice of your right to cancel.

Mrs. Ferreira executed this document, acknowledging that she received two copies. Following the closing, the Loan was transferred to Deutsche Bank National Trust Company ("Deutsche Bank") which subsequently retained Saxon to service the Loan on its behalf. Saxon does not hold an ownership interest in the Loan.

Mrs. Ferreira received nearly $50,000 in cash as part of the refinancing but soon defaulted under the terms of the Note. In

August, 2009, after foreclosure proceedings commenced, the Ferreiras filed the instant action seeking, inter alia, to rescind the Loan.

On November 18, 2009, based upon the Ferreiras' representations regarding their then current income and assets, another session of this Court enjoined the foreclosure sale and ordered the Ferreiras to deposit their monthly payments of $1,364 in the Court's escrow account. That monthly payment was 1/3 of the amount due under the Note and was the amount the Ferreiras stated they could afford. They are no longer in compliance with this Court's Order, having missed payments for March, October and November 2010. In fact, no further payments were made into the escrow account after September, 2010.

At the time defendants' moved for summary judgment in December, 2010, the amount required to rescind the Loan was $379,719 which was calculated by deducting from the original principal balance of the Loan ($423,000) the amounts paid by Mrs. Ferreira toward principal ($575), interest ($48,448) and closing costs ($12,922), and adding the escrow advances that Saxon expended on Mrs. Ferreira's behalf to pay real estate taxes and insurance premiums ($18,665). The Ferreiras have neither tendered that amount nor provided any evidence that they are able to do so. They and their former attorney previously represented to the Court that they could not afford to repay that amount.

**B.  Procedural History**

In August, 2009, the Ferreiras brought suit in the Massachusetts Superior Court Department for Norfolk County against defendants for declaratory relief reflecting plaintiffs' "valid exercise of their extended right to cancel" (Count I). They also sought quiet title (Count V), damages and rescission of the mortgage due to violations of the Massachusetts Consumer Credit Cost Disclosure Act ("CCCDA"), Mass. Gen. Laws ch. 140D (Count II), and Mass. Gen. Laws ch. 93A (Counts III and IV) and injunctive relief.  The Superior Court issued a temporary restraining order ex parte but before the date scheduled for the hearing on plaintiffs' motion for a preliminary injunction, defendants timely removed the action to this Court.

In September, 2009, plaintiffs filed an emergency motion for injunctive relief to stay the scheduled foreclosure of the Property pending adjudication of the instant action.  After a hearing, United States District Judge Patti B. Saris allowed plaintiffs' motion, staying the foreclosure until the end of October, 2009, and scheduled a further hearing for that time.  At the second hearing, the Court continued the injunction pending payment of $1,364 by plaintiffs to the Court at the end of November, 2009, and each month thereafter.  A third hearing was held in April, 2010, at which time the Court allowed plaintiffs' motion for a preliminary injunction.

In June, 2010, plaintiffs' attorneys withdrew due to "irreconcilable differences" apparently resulting from plaintiffs' non-payment of fees.  Although the plaintiffs appeared pro se at a mediation held before Magistrate Judge Robert B. Collings in September, 2010, they did not respond to subsequent efforts to convene another mediation session, stopped making the monthly deposits into Court and otherwise abandoned their prosecution of the case.

In December, 2010, defendants moved for summary judgment. For unknown reasons, and apparently sua sponte, the Court enlarged until March 2, 2011, the time in which plaintiffs could oppose that motion.  In March, 2011, the case was reassigned to this session.  Later that month, this Court canceled the scheduled hearing and took defendants' motion under advisement on the merits because plaintiffs still had not opposed that motion.

On April 21, 2011, six weeks after the Court took the matter under advisement and after this Memorandum and Order was in draft, plaintiffs moved to file a nunc pro tunc response in opposition to defendants' motion for summary judgment.  Both defendants' motion for summary judgment and plaintiffs' motion to file a nunc pro tunc response are now pending before the Court.

**II. Motion to File Nunc Pro Tunc Opposition**

Plaintiffs move to file a nunc pro tunc response in opposition to defendants' motion for summary judgment on the

grounds that they: 1) previously appeared pro se and only recently retained counsel, 2) have a limited understanding of the English language and thus did not realize they had an opportunity to respond to defendants' motion and 3) believed defense counsel would inform them of any deadlines.

Having considered plaintiffs' motion and defendants' response thereto, this Court will deny plaintiffs' motion to file a nunc pro tunc response.  First, individuals appearing pro se are not relieved from an obligation to follow procedural rules and orders of the Court.  See, e.g., Pomales v. Celulares Telefonica, Inc., 342 F.3d 44, 50 n.4 (1st Cir. 2003).

Second, after plaintiffs' counsel withdrew in June, 2010, plaintiffs not only continued making the monthly payments as required by the Court's Order dated November 18, 2009, but also appeared pro se at a mediation hearing in September, 2010, before Magistrate Judge Robert B. Collings, who indicated progress had been made and recommended that a further session be held.  Thus, plaintiffs' alleged inability to understand English did not previously prevent them from complying with deadlines and cannot excuse their conspicuous failure to respond to defendants' motion despite the nearly three-month period provided by liberal extensions of time.  Moreover, plaintiffs' motion was filed six weeks after this Court sent notice canceling the scheduled hearing and took the matter under advisement on the merits.

Third, plaintiffs' proposed response does not include a statement of disputed facts pursuant to Fed. R. Civ. P. 56. Even if this Court were to allow plaintiffs' motion, it would be futile because defendants' are entitled to summary judgment on the merits based on the facts set forth in their Statement of Undisputed Material Facts.

The Court will, therefore, deny plaintiffs' motion to file a nunc pro tunc response and turns to its consideration of defendants' motion for summary judgment on the merits.

### III. **Motion for Summary Judgment**

**A. Legal Standard**

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co., 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). The burden is on the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of

material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law, then summary judgment is appropriate.

**B. Application**

Because plaintiffs did not timely respond to defendants' motion for summary judgment or submit a statement of material facts, the Court treats defendants' motion as unopposed and deems admitted the facts set forth in defendants' Statement of Undisputed Material Facts. See Local Rule 56.1. Although defendants' motion is, in effect, unopposed, the Court must still determine, on the record before it, whether defendants are entitled to summary judgment. See Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006) (citations omitted). Indeed,

> even an unopposed motion for summary judgment should not be granted unless the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Rivera-Torres v. Rey-Hernandez, 502 F.3d 7, 13 (1st Cir. 2007) (citations omitted). In most cases, however, "a party's failure to oppose summary judgment is fatal to its case." Perez-Cordero v. Wal-Mart P.R., 440 F.3d 531, 533-34 (1st Cir. 2006).

Although plaintiffs allege multiple claims, the primary relief sought under all counts is rescission of the mortgage. Defendants argue that summary judgment in their favor is warranted because: 1) plaintiffs may only assert a CCCDA claim against the loan originator or its assignee, 2) plaintiffs may not rescind because Mr. Ferreira was not entitled to receive any copies of the Notice, Mrs. Ferreira admits she received at least one copy of the Notice and plaintiffs cannot tender the amount necessary to rescind and 3) there is no basis on which to assert a Chapter 93A violation.

### 1. CCCDA

The CCCDA is a Massachusetts statute modeled after the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, and thus construed in accordance with it. McKenna v. First Horizon Home Loan Corp., 475 F.3d 418, 422 (1st Cir. 2007). Although there are minor differences between the statutes, the relevant rescission provisions are "substantively identical". Belini v. Wash. Mut. Bank, FA, 412 F.3d 17, 26-27 (1st Cir. 2005).

**a. Who may be held liable**

Under the CCCDA, the borrower may assert a claim for rescission against the loan originator or its assignee. Mass. Gen. Laws ch. 140D, § 33(d). A loan servicer may be held liable only if it owns the obligation, unless it holds ownership merely for administrative convenience. Id. § 33(e). A claim brought pursuant to the CCCDA against a party without any ownership interest in the loan should, therefore, be dismissed. McDermott v. Mortg. Elec. Registration Sys., Inc., 2009 WL 1298346, *3 (D. Mass. May 11, 2009) (holding servicer not liable under CCCDA unless it owned the obligation).

According to the undisputed facts, New Century is the loan originator and Deutsche Bank is its assignee. A CCCDA claim could be (but has not been) asserted against New Century or Deutsche Bank. Mass. Gen. Laws ch. 140D, § 33(d). Saxon, as the loan servicer, however, does not hold an ownership interest in the Loan and therefore may not be held liable under the CCCDA. See McDermott, 2009 WL 1298346 at *3.

Although defendants' Statement of Undisputed Material Facts does not mention MERS, the record indicates MERS is the nominee for New Century (and its assignee Deutsche Bank) and the mortgagee named in plaintiffs' mortgage. Defendants argue in a cursory manner that MERS may not be held liable under the CCCDA but the Court need not address that issue. Even if MERS could be

held liable under the CCCDA, plaintiffs' claims still fail on other grounds.

### b. Who may exercise the right to rescind

Under the CCCDA, the borrower has the right to rescind the loan until midnight of the third business day after the loan closing or the delivery of the required disclosures. Mass. Gen. Laws ch. 140D, § 10(a). If, however, the lender fails to provide the required disclosures, the right to rescind does not expire until four years after the consummation of the transaction. Id. § 10(f). The required disclosures include two copies of the notice of the right to rescind. 12 C.F.R. § 226.23(b)(1). Nevertheless, as long as the borrower receives one such notice, the rescission period is not extended. McKenna v. Wells Fargo Bank, N.A., 2011 WL 1100160, *2 (D. Mass. Mar. 21, 2011) (citing King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238, 250-51 (D. Mass. 2009)); McDermott v. Mortg. Elec. Registration Sys., Inc., 2010 WL 3895460, *7 (D. Mass. Sept. 30, 2010). Indeed, the First Circuit Court of Appeals has eschewed a "hyper-technical" view of TILA. See Santos-Rodriguez v. Doral Mortg. Corp., 485 F.3d 12, 17 n.6 (1st Cir. 2007).

The right to rescind may be exercised only by the obligor, i.e. the person to whom credit is extended. Mass. Gen. Laws ch. 140D, § 10(a). Thus, an individual who is not named on the Note executed by his or her spouse is not an "obligor" and does not

have a right to rescind.  See Wilson v. JPMorgan Chase Bank, N.A., 2010 WL 2574032, *6 (E.D. Cal. June 25, 2010) (holding wife lacked standing to rescind under TILA because husband was sole obligor named as borrower on the note); Cahalan v. Ameriquest Mortg. Co., 2006 WL 1312961, *2 (W.D. Pa. 2006) (holding husband who jointly owned property on which wife alone executed a note could not assert TILA claim because he was not an obligor); Moazed v. First Union Mortg. Co., 319 F. Supp. 2d 268, 273 (D. Conn. 2004) (finding wife who co-signed mortgage but not the note was not an obligor and thus did not have a right to rescind under TILA).

It is undisputed that Mrs. Ferreira was the sole borrower on the Note.  Because Mr. Ferreira was not a signatory to the Note, he is not an obligor and does not have a right to rescind under the CCCDA.  See Wilson, 2010 WL 2574032 at *6.

As the obligor, Mrs. Ferreira was entitled to receive two copies of the Notice.  See 12 C.F.R. § 226.23(b)(1).  It is undisputed that Mrs. Ferreira received at least one copy of the Notice and thus she is not entitled to an extended right of rescission.  See McKenna, 2011 WL 1100160 at *2 (D. Mass. Mar. 21, 2011).

Moreover, according to the undisputed facts, Mrs. Ferreira executed a document acknowledging that she received two copies, thereby giving rise to a rebuttable presumption that she did, in

fact, receive two copies. See Mass. Gen. Laws ch. 140D, § 10(c). Because plaintiffs have failed to rebut or otherwise respond to defendants' undisputed facts, the presumption remains unrebutted.

Defendants further argue that plaintiffs are not entitled to rescind because they are not able to tender the payment necessary to do so. See <u>Wells Fargo Bank, N.A.</u> v. <u>Jaaskelainen</u>, 407 B.R. 449, 460 (D. Mass. 2009) (listing cases finding equitable remedy of rescission conditioned on borrower's ability to tender payment of loan proceeds). Because, under the undisputed facts, there is no CCCDA violation that would permit rescission, the Court declines to address the issue.

### 2. Chapter 93A

Plaintiffs allege defendants violated Mass. Gen. Laws ch. 93A by violating the CCCDA (Counts II and III). A violation of the CCCDA constitutes a violation of Chapter 93A. Mass. Gen. Laws ch. 140D, § 34. Because plaintiffs cannot succeed on their claim under the CCCDA, defendants are entitled to judgment as a matter of law on the Chapter 93A claim. See <u>McDermott</u>, 2010 WL 3895460 at *8.

In sum, the Court finds that defendants are entitled to summary judgment with respect to all counts.

**ORDER**

In accordance with the foregoing, defendants' motion for summary judgment (Docket No. 34) is **ALLOWED,** and plaintiffs' motion to file a nunc pro tunc response in opposition (Docket No. 38) is **DENIED.**

The preliminary injunction previously entered pursuant to the Orders of this Court dated November 18, 2009, and April 9, 2010, is hereby **DISSOLVED** and the ten payments deposited into the escrow account of this Court (in the aggregate amount of $13,640, plus interest accrued) shall be remitted to defendants pursuant to Fed. R. Civ. P. 65(c).

**So ordered.**

                                                 /s/ Nathaniel M. Gorton
                                                 Nathaniel M. Gorton
                                                 United States District Judge

Dated May 16, 2011